United States District Court
Southern District of Texas

**ENTERED**

July 25, 2019

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOE ANGEL ACOSTA III, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-00008 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Joe Angel Acosta III is an inmate in the Texas Department of Criminal Justice - Correctional Institutions Division and is currently incarcerated at the Clements Unit in Amarillo, Texas. Proceeding *pro se*, Acosta filed an original habeas corpus petition pursuant to 28 U.S.C. § 2254 on December 28, 2018.[1] (D.E. 1). Acosta's claims fall into three broad categories: (1) there was insufficient evidence to support his conviction; (2) trial and appellate counsel rendered ineffective assistance in several respects; and (3) the trial court erred by not including a lesser-included offense instruction. Respondent filed a motion for summary judgment contending that the § 2254 petition was untimely, to which Acosta has responded. (D.E. 26, 36). As discussed more fully below, it is respectfully recommended that Respondent's motion for summary judgment be granted and Acosta's habeas corpus petition be dismissed as untimely. It is further recommended that a Certificate of Appealability ("COA") be denied.

---

[1] Acosta stated under penalty of perjury that he placed his petition in the prison mail system on December 28, 2018, and it is considered filed as of that date. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998), and Rule 3, Rules Governing Section 2254 Cases (discussing the mailbox rule).

## I.   JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. § 1331 and venue is appropriate because Acosta was convicted in Nueces County, Texas.  28 U.S.C. § 2254(a); 28 U.S.C. § 124(b)(6); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## II.   BACKGROUND

### a.   Petition and Claims

In his § 2254 petition, Acosta raises 21 claims.  (D.E. 1 at 10, 18-52).[2]  Broadly speaking, Acosta claims that: (1) there was insufficient evidence to support his conviction (Grounds 1-2); (2) trial and appellate counsel rendered ineffective assistance throughout the trial, sentencing, and appeal proceedings in several respects (Grounds 3-4, 6-21); and (3) the trial court erred by failing to give the jury an instruction on a lesser-included offense (Ground 5).  (*Id.*).[3]  Acosta indicates that his petition is timely because the Court dismissed a prior § 2254 petition without prejudice so that he could exhaust his claims in state court.  (*Id.* at 12).

### b.   State Court Records

In May 2012, Acosta was charged in an indictment with one count of aggravated assault, in violation of Texas Penal Code § 22.02.  (D.E. 27-1 at 9).  In addition, because Acosta had two prior felony convictions, he was charged as a habitual felony offender.

---

[2] Acosta raised an additional claim regarding a disciplinary case in prison that was severed and transferred to the Northern District of Texas, Amarillo Division.  (D.E. 1 at 52-54; D.E. 5 at 1-3).

[3] Acosta discusses his claims in extensive detail.  (*See generally* D.E. 1). However, because the merits of Acosta's claims are not currently at issue, this memorandum does not recount the specifics of each of Acosta's claims.

2

(*Id.* at 9-10).   A jury found Acosta guilty, and he received a sentence of 60 years' imprisonment.   (*Id.* at 119).   The state trial court entered judgment on March 5, 2013. (*Id.*).

On appeal, the Thirteenth District Court of Appeals for Texas affirmed Acosta's conviction and sentence.   (D.E. 27-4 at 1-16).   Acosta subsequently filed a petition for discretionary review in the Texas Court of Criminal Appeals ("TCCA").   (D.E. 27-7 at 1-6).   The TCCA refused Acosta's petition on February 4, 2015.   (D.E. 27-9 at 1).   Acosta did not petition for a writ of *certiorari* with the United States Supreme Court.   (*See* D.E. 1 at 3).

In September 2015, Acosta filed an application for a writ of habeas corpus in state court under Article 11.07 of the Texas Code of Criminal Procedure.   (D.E. 27-19 at 5-37). Acosta challenged his aggravated assault conviction and sentence.   (*See id.*).   The trial court recommended dismissing Acosta's application as noncompliant with Texas Rule of Appellate Procedure 73.1, and the TCCA dismissed the application on that ground on December 9, 2015.   (D.E. 27-17 at 1; D.E. 27-19 at 53).

In November 2015, Acosta challenged a separate June 2006 conviction for driving while intoxicated in a second Article 11.07 application.   (D.E. 27-22 at 4-14).   The trial court recommended that the application be dismissed because it challenged a misdemeanor conviction, and the TCCA dismissed the application on that ground on February 3, 2016.   (D.E. 27-20 at 1; D.E. 27-22 at 24).

In February 2016, Acosta challenged his aggravated assault conviction and sentence in a third Article 11.07 application.   (D.E. 28-3 at 5-76).   The trial court

3

recommended dismissing Acosta's application as noncompliant with Texas Rule of Appellate Procedure 73.1, and the TCCA dismissed the application on that ground on May 4, 2016. (D.E. 28-1 at 1; D.E. 28-3 at 102).

On May 3, 2016, Acosta filed a § 2254 petition challenging his aggravated assault conviction and sentence. (Case No. 2:16-cv-00149, D.E. 1 at 1-15). Respondent moved for summary judgment, contending that Acosta's petition should be dismissed as a mixed petition because it included both exhausted and unexhausted claims. (*Id.*, D.E. 24 at 13-15). Alternately, Respondent asserted that Acosta could abandon his unexhausted claims and proceed only on the exhausted claims. (*Id.* at 15). In a memorandum and recommendation ("M&R") Magistrate Judge Jason B. Libby recommended granting the motion for summary judgment, dismissing Acosta's petition without prejudice as a mixed petition, and denying a stay to exhaust in state court because Acosta had been granted a stay previously and did nothing to exhaust his claims. (*Id.*, D.E. 27 at 7-16). On January 31, 2018, the district court adopted the M&R and dismissed Acosta's petition. (*Id.*, D.E. 48 at 1-2).

In December 2016, Acosta challenged his aggravated assault conviction and sentence in a fourth Article 11.07 application. (D.E. 27-14 at 4-54). The trial court recommended dismissing Acosta's application because his § 2254 petition was pending and needed to be either stayed or resolved before filing in state court. (*Id.* at 91). The TCCA dismissed Acosta's application without written order on April 5, 2017. (D.E. 27-12 at 1).

4

Finally, in February 2018, Acosta challenged his aggravated assault conviction and sentence in a fifth Article 11.07 application.  (D.E. 28-24 at 4-53).  After a review of the record, the trial court recommended denying Acosta's petition on the merits because he failed to show that either trial or appellate counsel were ineffective or that he was entitled to relief on any other ground.  (D.E. 28-21 at 16).  The TCCA denied Acosta's application without written order on October 31, 2018.  (D.E. 28-7 at 1).

### III.  DISCUSSION

In her motion for summary judgment, Respondent argues that Acosta's § 2254 petition is untimely.  (D.E. 26 at 7-13).  Specifically, she argues that Acosta's conviction became final on May 5, 2015, or 90 days after his petition for discretionary review was refused, and that the one-year limitation period for a § 2254 petition accordingly expired on May 5, 2016.  (*Id.* at 9).  Respondent contends that Acosta is not entitled to statutory tolling because he did not properly file a state habeas petition concerning this conviction until December 2016, seven months after the limitation period expired.  (*Id.* at 9-11).  Finally, Respondent asserts that Acosta is not entitled to equitable tolling because he has not identified any rare or exceptional circumstances that prevented him from timely filing his § 2254 petition, nor was he diligent in pursuing his rights where he waited seven months after the refusal of his petition for discretionary review to file his first state habeas application.  (*Id.* at 11-13).

Acosta first responds that his petition is timely because it "relates back" to his original § 2254 petition under Federal Rule of Civil Procedure 15(c).  (D.E. 36 at 1-2).  Second, Acosta moves for relief from judgment in his prior § 2254 proceedings under

5

Federal Rule of Civil Procedure 60(b), contending that: (1) his second Article 11.07 application was properly filed and tolled the limitation period; (2) he was not allowed to amend his § 2254 petition; (3) he was denied a stay; (4) he was actually innocent; and (5) he was unable to file a notice of appeal because prison authorities denied him access to the courts.  (*Id.* at 2-7).  As to timeliness, Acosta argues that his petition is timely under 28 U.S.C. § 2244(d)(1)(B) because State Counsel for Offenders ("SCFO") indicated that they would file his state application, but then declined to do so, causing an impediment to his timely filing.  (*Id.* at 9).  Further, he argues that § 2244(d)(1)(D) applies because the state court's denial of his habeas application on the merits was a factual predicate of his claim.  (*Id.*).  Finally, Acosta contends that he is entitled to equitable tolling because he has diligently pursued his rights and was denied a stay in his previous § 2254 proceedings, which was an extraordinary circumstance that stood in his way.  (*Id.* at 10).

A one-year limitation period applies to an application for a writ of habeas corpus filed by a person in custody pursuant to a state court judgment.  28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of either: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States was removed; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court; or (4) the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence.  *Id.* § 2244(d)(1).

6

For § 2244 purposes, where a petitioner has sought review by the state's highest court, a conviction becomes final 90 days after his claim is rejected, when the time to file a petition for a writ of *certiorari* with the Supreme Court has expired. *Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2003). In Texas, the Court of Criminal Appeals may review the decisions of a court of appeals. Tex. Code of Crim. Proc. art. 44.45(b)(2). A petition for discretionary review to the Texas Court of Criminal Appeals must be filed within 30 days after either the day the court of appeals rendered judgment or the day the last timely motion for rehearing or *en banc* reconsideration was overruled. Tex. R. App. Proc. 68.2(a).

The time during which a properly filed state collateral review application is pending is not counted toward the limitation period. 28 U.S.C. § 2244(d)(2). A state habeas petition filed after the limitation period ends does not toll the limitation period under § 2244(d)(2). *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). A Texas habeas petition that is dismissed under Texas Rule of Appellate Procedure 73.1 was not properly filed. *Davis v. Quarterman*, 342 F. App'x 952, 953 (5th Cir. 2009) (unpublished). A state habeas petition that challenges a different conviction does not toll the deadline where it is "impossible" to construe that application as challenging a pertinent judgment. *Godfrey v. Dretke*, 396 F.3d 681, 686-87 (5th Cir. 2005). An application for federal habeas review is not an "application for State post-conviction or other collateral relief" under § 2244(d)(2) and does not toll the limitation period. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

The timeliness provision in § 2244(d) is also subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 634 (2010). A petitioner is entitled to equitable tolling only if he can show that: (1) he has been diligently pursuing his rights; and (2) some extraordinary circumstance stood in his way. *Id.* at 649. Such a circumstance exists where, for example, the plaintiff was misled by the defendant about the cause of action or was otherwise prevented in some extraordinary way from asserting his rights. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002). A standard claim of excusable neglect is insufficient. *Id.* Ignorance of the law generally does not excuse prompt filing, even for a *pro se* prisoner. *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000). The failure to satisfy the limitation period must result from "external factors" beyond the petitioner's control, and delays caused by the petitioner do not qualify. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).

Here, as an initial matter, Rule 15(c) is not applicable to Acosta's present § 2254 petition because it is a new petition, not an amendment to his May 2016 petition. *See* Fed. R. Civ. P. 15(c). Final judgment was entered on Acosta's previous petition on January 31, 2018, and he neither appealed the dismissal of that petition nor sought relief from judgment. (Case No. 2:16-cv-00149, D.E. 49 at 1). To the extent that Acosta argues that he did not file a notice of appeal because he was denied access to the courts, that is an argument he could have made in a motion in his original § 2254 proceedings or in a separate civil rights suit under 42 U.S.C. § 1983. (*See* D.E. 36 at 6-7). Further, to the extent that Acosta's response purports to be a Rule 60(b) motion for relief from judgment in his original § 2254 proceedings, he must seek such relief in that case rather

8

than as a defense against summary judgment on a separate § 2254 petition.  (*See id.* at 2-7); Fed. R. Civ. P. 60(b).

Acosta's § 2254 petition is untimely, and he has not established that he is entitled to statutory or equitable tolling.  The TCCA refused his petition for discretionary review on February 4, 2015, and he had 90 days from that point to petition for a writ of *certiorari* with the Supreme Court.  (D.E. 27-9 at 1); *Roberts*, 319 F.3d at 693-95.  Because he did not petition for a writ of *certiorari*, his conviction became final at the expiration of those 90 days on May 5, 2015.  (*See* D.E. 1 at 3).   Thus, under § 2244(d)(1)(A), his time to file a § 2254 petition expired one year later on May 5, 2016.

None of the other potential triggering dates under § 2244(d)(1) apply to Acosta's petition.  To the extent that Acosta argues that the SCFO's decision not to help him file an Article 11.07 application was a state-created impediment under § 2244(d)(1)(B), he has not identified how that action violated "the Constitution or laws of the United States." *See* 28 U.S.C. § 2244(d)(1)(B).  Further, the state did not impede Acosta's timely filing given that he had already filed several Article 11.07 applications on his own before he contacted the SCFO.  (*See* D.E. 27-19 at 5-37; D.E. 27-22 at 4-14; D.E. 28-3 at 5-76).  Finally, to the extent that Acosta contends that § 2244(d)(1)(D) applies, the exhaustion of his claims and the state court's denial of his claims are not "factual predicates" of his claims.  *See* 28 U.S.C. § 2244(d)(1)(D).  Rather, the factual predicates are the events at trial and on direct appeal that gave rise to the claims.  Thus, Acosta's present § 2254 petition, filed on December 28, 2018, is untimely by over two years unless he can show entitlement to statutory or equitable tolling.

9

As to statutory tolling, Acosta filed three Article 11.07 applications before May 5, 2016, that, if properly filed, could have tolled the limitation period.  (D.E. 27-19 at 5-37; D.E. 27-22 at 4-14; D.E. 28-3 at 5-76).   However, Acosta's September 2015 and February 2016 applications were not properly filed because they were dismissed as noncompliant with Texas Rule of Appellate Procedure 73.1.  (D.E. 27-17 at 1; D.E. 28-1 at 1); *Davis*, 342 F. App'x at 953.  Although Acosta contends that his February 2016 application was, in fact, compliant with Rule 73.1, that application included legal argument, was over 70 pages long, and did not raise each ground "in summary fashion" as required by Rule 73.1.  (*See* D.E. 28-3 at 5-82); Tex. R. App. P. 73.1(d).  Moreover, his November 2015 application could not toll the limitation period because he challenged an unrelated misdemeanor conviction for driving while intoxicated.  (D.E. 27-22 at 4-5, 9-12); *Godfrey*, 396 F.3d at 686-87.  Acosta's two remaining Article 11.07 applications do not entitle him to tolling because they were filed in December 2016 and February 2018, which was after the expiration of the limitation period.  (D.E. 27-14 at 54; D.E. 28-24 at 53); *Scott*, 227 F.3d at 263.  Finally, Acosta's previous § 2254 petition did not toll the limitation period because it was not an "application for State post-conviction or other collateral relief" under § 2244(d)(2).  *Duncan*, 533 U.S. at 181-82.

Further, Acosta is not entitled to equitable tolling because he has not shown any extraordinary circumstance that prevented him from filing his § 2254 petition earlier. *Holland*, 560 U.S. at 649.  A brief review of the timeline shows that, during the one-year limitation period, Acosta filed two Article 11.07 applications that were dismissed under Rule 73.1 and a third Article 11.07 application on an unrelated misdemeanor conviction.

10

(*See* D.E. 27-19 at 5-37; D.E. 27-22 at 4-14; D.E. 28-3 at 5-76).   Then, two days before the expiration of the limitation period, rather than filing a compliant Article 11.07 application that would toll the limitation period, he filed his first § 2254 petition that was subsequently dismissed without prejudice as a mixed petition that contained unexhausted claims.   (Case No. 2:16-cv-00149, D.E. 1 at 1-15).   Ignorance of the law does not generally excuse prompt filing, even for *pro se* prisoners, and Acosta's failure to file a compliant Article 11.07 application was not an extraordinary circumstance that was outside of his control.  *See Felder*, 204 F.3d at 172.   Moreover, the denial of a stay in his initial § 2254 proceedings was not an extraordinary circumstance, particularly where Acosta's petition was only dismissed after he failed to take advantage of a temporary stay allowing him to exhaust his claims.  (*See* Case No. 2:16-cv-00149, D.E. 27 at 7-16).

Finally, even if Acosta could show an extraordinary circumstance, he has not shown that he was diligently pursuing his rights where he waited seven months from the denial of his last Article 11.07 application to file the present § 2254.  *See Holland*, 560 U.S. at 649.  Thus, Acosta's § 2254 petition is untimely and he is not entitled to any form of tolling.

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).   Although Acosta has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed.  *See Alexander v. Johnson*,

211 F.3d 895, 898 (5th Cir. 2000) (stating that a district court may *sua sponte* rule on a COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Where a district court rejects the claims on procedural grounds, a petitioner must show that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right; and (2) the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, reasonable jurists would not find it debatable that Acosta's claims are time-barred. Therefore, it is further recommended that any request for a COA be denied because he has not made the necessary showing for such issuance.

## V.   RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's motion for summary judgment (D.E. 26) be GRANTED. Acosta's § 2254 petition should be DISMISSED as untimely. In addition, it is further recommended that any request for a Certificate of Appealability be DENIED.

Respectfully submitted this 25th day of July, 2019.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).