IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOE ANGEL ACOSTA III, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL NO. 2:19-CV-8 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

# ORDER

The Court is in receipt of the Magistrate Judge's Memorandum and Recommendation ("M&R"), Dkt. No. 37. The Court is also in receipt of Petitioner Joe Angel Acosta III's ("Acosta") Objections to the M&R, Dkt. No. 42.

## I. Background

Acosta is incarcerated at the Clements Unit in Amarillo, Texas by the Texas Department of Criminal Justice – Correctional Institutions Division. Dkt. No. 37. Acosta filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 on December 28, 2018 that challenged the sufficiency of evidence of his conviction, the effectiveness of his counsel and the adequacy of the jury charge. *Id.*; *see* Dkt. Nos. 1, 28. The M&R recommends that respondent's motion for summary judgment be granted and Acosta's habeas corpus petition be dismissed as untimely. Dkt. No. 37 at 1. Acosta filed objections to the M&R. Dkt. No. 42. The Court reviews objected-to portions of a Magistrate Judge's proposed findings and recommendations de novo. 28 U.S.C. § 636(b)(1). But if the objections are frivolous, conclusive or general in nature the court need not conduct a de novo review. *Battle v. United States Parole Comm'n*, 834 F.2d 419 (5th Cir. 1987).

## II. M&R

The Magistrate Judge recommends dismissing the case on the grounds that Acosta's 2254 petition is untimely by over two years and he is not entitled to

statutory or equitable tolling. Dkt. No. 37 at 9-10. The Magistrate Judge determined Acosta's Article 11.07 applications in Texas state court were dismissed as non-compliant and therefore did not toll the statute of limitations. Dkt. No. 37 at 10. The Magistrate Judge also determined that Acosta's previous § 2254 petition did not toll the limitation period. *Id.* "Then, two days before the expiration of the limitation period, rather than filing a compliant Article 11.07 application that would toll the limitation period, he filed his first § 2254 petition that was subsequently dismissed without prejudice as a mixed petition that contained unexhausted claims." *Id.* at 11. The M&R concluded with an analysis that recommends denying Acosta a certificate of appealability because it is not debatable that his claims are time-barred. *Id.* at 12.

### III. Objections

Acosta objects on numerous grounds including an incorrect time period stated by the M&R, the arbitrary dismissal of his 11.07 application, application of statutory and equitable tolling, application of Rule 15c, and the improper recommendation of a denial of a certificate of appealability. Dkt. No. 42. These arguments were also raised in Acosta's response to the summary judgment motion. Dkt. No. 36.

After the issuance of the M&R, Acosta was allowed to supplement his petition. Dkt. No. 41. The supplemented petition raised many of the objections that Acosta raised in his objections to the M&R. *See* Dkt. Nos. 36, 41, 42. In granting the supplement, the Magistrate Judge considered Acosta's objections and determined they do not alter the conclusion of the M&R that his petition should be dismissed as untimely. Dkt. No. 41.

> First, as to equitable tolling, Acosta's new arguments regarding his diligence in pursuing his rights do not alter the recommendation in the M&R because, regardless of diligence, he has failed to show any exceptional circumstance warranting equitable tolling. (See D.E. 37 at 10-11); *Holland v. Florida*, 560 U.S. 631, 649 (2010). Acosta raised the same arguments under *Rhines* in his initial § 2254 proceedings, and the district court adopted the magistrate judge's recommendation that a stay was inappropriate because Acosta had not shown: (1) good cause for his failure to exhaust; (2) that his claims were potentially meritorious; or (3) that he had not engaged in intentionally dilatory litigation tactics. (Case No. 2:16-cv00149, D.E. 27 at 9, D.E. 48 at 2). The district court also

adopted the recommendation that, under the circumstances, it was inappropriate to dismiss only the unexhausted claims and retain the exhausted claims. (Id., D.E. 27 at 16, D.E. 48 at 1). Acosta did not appeal the dismissal of his petition.

Dkt. No. 41 at 3.

After review of Acosta's supplemented petition, and his objections to the M&R this Court finds the objections and arguments are frivolous and/or a repetition of his arguments in response to the motion for summary judgment. *See* Dkt. Nos. 36, 41, 42. Those arguments have been sufficiently addressed in the M&R and supplement order. Dkt. No. 37, 41.

After independently reviewing the record and considering the applicable law, the Court **ADOPTS** the M&R in its entirety, Dkt. No 37. The Court **OVERRULES** Plaintiff's objections, Dkt. No. 42. The Court **DISMISSES WITH PREJUDICE** Plaintiff's claims.

The Court will issue an order of final judgment separately.

SIGNED this 13th day of January, 2020.

_____
Hilda Tagle
Senior United States District Judge